IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| WELLS FARGO BANK, N.A., | No. 57237-1-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| SHARLYN M. APONTE-DEJESUS, | |
| Appellant. | |

MAXA, J. – Sharlyn Aponte-DeJesus appeals the trial court's grant of summary judgment in favor of Wells Fargo Bank.

In 2015, Aponte-DeJesus bought a house financed with a loan from Wells Fargo and provided a deed of trust as security. In 2022, Aponte-DeJesus purported to pay the rest of her mortgage by delivering a document entitled "New Credit Agreement Debt Payoff Security Instrument" (NCA) to Wells Fargo. Aponte-DeJesus then recorded a "satisfaction of mortgage."

Wells Fargo filed a lawsuit to cancel the satisfaction of mortgage, asserting that Aponte-DeJesus had not paid off the mortgage and that the satisfaction of mortgage was fraudulent. The trial court granted Wells Fargo's summary judgment motion.

We hold that the trial court did not err in granting summary judgment in favor of Wells Fargo. Accordingly, we affirm.

FACTS

*Background*

In April, 2015, Aponte-DeJesus purchased a home financed with a loan from Wells Fargo. As security on the loan, Aponte-DeJesus gave Wells Fargo a deed of trust on the

property. The deed of trust stated that Aponte-DeJesus owed "U.S. $201,286." Clerk's Papers (CP) at 72.

On March 14, 2022, Aponte-DeJesus delivered the NCA to a Wells Fargo branch office in Tacoma. The document purported to be legal tender used to pay off the mortgage: "[The NCA] is Currency tender of payment in full for all debts public and private." CP at 44. On March 24, Aponte-DeJesus again presented the NCA to the Wells Fargo branch office. On March 25, Aponte-DeJesus recorded a document titled "Satisfaction of Mortgage" with the Pierce County auditor's office.

After learning of the recording, Wells Fargo filed a lawsuit against Aponte-DeJesus to cancel the satisfaction of mortgage and to enjoin Aponte-DeJesus from recording any fraudulent instruments relating to the deed of trust. In response, Aponte-DeJesus did not file an answer but instead filed a pleading titled "Motion to Dismiss." Aponte-DeJesus did not accompany the "motion" with a notice for a hearing as required by the local court rules.

Subsequently, Wells Fargo filed a motion for summary judgment. Aponte-DeJesus did not file a response to the motion. The trial court granted summary judgment in favor of Wells Fargo. The summary judgment order stated that the satisfaction of mortgage was cancelled and that the loan secured by Wells Fargo's deed of trust remained unpaid. The court also granted Wells Fargo's request for attorney fees and costs in the amount of $6,237.99.

Aponte-DeJesus appeals the trial court's summary judgment order.

ANALYSIS

A.    SUMMARY JUDGMENT STANDARD

We review summary judgment orders de novo. *Mihaila v. Troth*, 21 Wn. App. 2d 227, 231, 505 P.3d 163 (2022). We view all evidence in the light most favorable to the nonmoving

party, including reasonable inferences from the evidence. *Id.* Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Id.* A genuine issue of material fact exists if reasonable minds can come to different conclusions on a factual issue. *Id.*

The moving party has the initial burden of showing the absence of a genuine issue of material fact. *Sartin v. Est. of McPike*, 15 Wn. App. 2d 163, 172, 475 P.3d 522 (2020). A moving defendant can meet this burden by demonstrating that the plaintiff cannot support their claim with any competent evidence. *Id.* If the defendant makes such a showing, the burden shifts to the plaintiff to present evidence that creates a genuine issue of material fact. *Id.* "Summary judgment is appropriate if a plaintiff fails to show sufficient evidence that creates a question of fact about an essential element on which he or she will have the burden of proof at trial." *Id.*

B.     FRAUDULENT RECORDING

Aponte-DeJesus argues that her satisfaction of mortgage was valid because the NCA acted as legally binding tender that paid off her mortgage. We disagree.

Aponte-DeJesus provides no authority for the proposition that she can discharge a mortgage simply by delivering a document like the NCA that purports to be legal tender. The deed of trust states that Aponte-DeJesus owes $201,286 in U.S. dollars. Therefore, the debt must be repaid in U.S. dollars, not by submitting some document like the NCA.

Aponte-DeJesus's position seems to be similar to a "vapor money" theory, which posits that a person who executes a promissory note creates money that is then given to a bank. *See McLaughlin v. CitiMortgage Inc*, 726 F. Supp. 2d 201, 212 (D. Conn. 2010). Apparently, the

argument is that because the borrower has created the money, the loan can be discharged with a document like the NCA.

But courts have unanimously and continuously rejected this argument and theories related to "vapor money." *See*, *e.g., McLaughlin*, 726 F. Supp. 2d at 214; *Awai v. USAA Fed. Sav. Bank*, No. 20-632, 2020 WL 8736268, at *3-4 (W.D. Pa. July 7, 2020) (Report and Recommendation) (describing a plaintiff, who claimed to be a registered private banker, submitted a "Credit Agreement Payoff Security Instrument" to discharge and satisfy his mortgage, which the Court found to be a variation of the vapor money theory and dismissed the complaint as "patently frivolous"); *Island County v. Cosmic Light Creations*, No. 74942-1-I, slip op. at 11-12 (Wn. Ct. App. Nov. 13, 2017) (unpublished), https://www.courts.wa.gov/opinions/pdf/749421.pdf.

Similarly, we reject Aponte-DeJesus's claim that delivering the NCA to Wells Fargo discharged her mortgage. Therefore, we hold that the trial court did not err in granting summary judgment in favor of Wells Fargo.

C.    TRIAL COURT AWARD OF ATTORNEY FEES

Aponte-DeJesus does not challenge the trial court's award of attorney fees to Wells Fargo based on the terms of the deed of trust. Therefore, we affirm the trial court's attorney fee award.

D.    ATTORNEY FEES ON APPEAL

Aponte-DeJesus requests that we award her attorney fees on appeal. We decline to award attorney fees to Aponte-DeJesus because she is not the prevailing party. And Wells Fargo does not request attorney fees on appeal.

CONCLUSION

We affirm the trial court's grant of summary judgment in favor of Wells Fargo.

No. 57237-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
CRUSER, A.C.J.

_____
VELJACIC, J.